### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| HOWARD N. ALWAIS § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 5:18-cv-00604 |
| § | |
| NEW PENN FINANCIAL, LLC D/B/A § | |
| SHELLPOINT MORTGAGE § | |
| SERVICING § | |
| § | |
| Defendant. § | |

## NOTICE OF REMOVAL

Defendant New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), pursuant to 28 U.S.C § 1332, removes the above-captioned civil action currently pending in the 150th Judicial District Court of Bexar County, Texas, Cause No. 2018-CI-10248, to the United States District Court for the Western District of Texas, San Antonio Division.

### I.     STATEMENT OF THE CASE

1. On June 4, 2018, Plaintiff Howard N. Alwais ("Plaintiff") commenced Cause No. 2018-CI-10248, *Alwais vs. New Penn Financial LLC, d/b/a Shellpoint Mortgage Servicing*, in the 150th Judicial District Court of Bexar County ("**State Court Action**"). Plaintiff asserts claims for: (1) injunctive relief; (2) sanctions; (3) breach of contract; (4) fraudulent misrepresentations; (5) unfair lending practices; and (6) damages. Plaintiff seeks injunctive relief, actual damages, exemplary and/or punitive damages, and attorneys' fees and costs.

2. On June 18, 2018, Shellpoint filed its Answer to Plaintiff's Petition in the State Court Action.

## II.     BASIS FOR REMOVAL 1: FEDERAL QUESTION JURISDICTION

3.     To be removable under federal question jurisdiction, the complaint must "state a cause of action created by federal law or it must assert a state-law cause of action requiring the 'resolution of a substantial question of federal law.'" *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997); *see* 28 U.S.C. §§ 1331, 1441.

4.     Here, the Court may exercise federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. Specifically, 15 U.S.C. § 1692k(d) vests this Court with original jurisdiction over Fair Debt Collection Practices Act causes of action without regard to the amount in controversy.

5.     In Plaintiff's Original Verified Petition for a Temporary Restraining Order, Injunctive Relief, and Other Causes of Action, Plaintiff makes the following allegations that implicate the federal Fair Debt Collection Practices Act ("FDCPA"):

    a. Plaintiff alleges notices were sent "in less than the thirty (30) days time frame provided for under the Federal Fair Debt Collection and [sic] Practices Act to dispute the September 20, 2012 1etter from Resurgent's attorneys." *See* Pl.'s Orig. Pet. at 4.

    b. Plaintiff alleges that letters were sent pursuant to the FDCPA by Defendant's attorneys, that Plaintiff sent a response letter under the FDCPA, that he requested information required to be provided under the FDCPA, and that no response has yet been provided. *See id.* at 6-7.

    c. Plaintiff alleges a follow up FDCPA letter was sent to Plaintiff following the above letter despite a lack of response to his questions in response. *See id.* at 7.

  d. "It is clear from the above that Defendant has repeatedly violated both the Federal Fair Debt Collection Practices Act and the Texas Fair Debt Collection Practices Act by its failure to provide answers to Plaintiff's previously submitted questions via documents, via a detailed accounting of all charges, credits, expenses, attorney's fees, to comply with both Federal and State pre-foreclosure notice requirements concerning the 30-day dispute provisions etc." *Id.* at 7-8.

  e. "As outlined above, Defendant continues to insist to Plaintiff that the Property is scheduled for the June 05, 2018 foreclosure despite the fact that to proceed with foreclosure would be in direct violation of the notice and 30-day opportunity to cure requirements of the Note and Deed of Trust as well as the previously referenced provisions of both the FDCPA and TFDCPA." *Id.* at 8.

6. Based on these allegations, Plaintiff alleges, among other causes of action, causes of action for injunctive relief and unfair lending practices. These causes of action arise under the FDCPA, and/or require the resolution of a substantial question of federal law, based on the allegations identified above and the statements within the cause of action that "Defendant [sic] are jointly and severally liable to Plaintiff for failure to provide accurate notice, failing to adhere to their own documents, and providing materially inaccurate or false information to Plaintiff concerning the loan as well as the pending foreclosure of the Property." *See id.* at 8-9.

7. Accordingly, this suit is removable to this Court. *See, e.g., Air Starter Components, Inc. v. Molina*, 442 F. Supp. 2d 374, 378 (S.D. Tex. 2006).

### III. THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

8. Removal of this action is timely under 28 U.S.C. § 1446(b). Removal is timely

because Shellpoint received a copy of the Petition on or about June 8, 2018. Notice has been sent to the state court regarding the removal of this action. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the State Court Action, are attached hereto as Exhibit A. New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing is the sole Defendant in this matter, and accordingly, the only Defendant has consented to removal.

### IV.  VENUE

9. The San Antonio Division of the Western District of Texas is the United States district and division embracing Bexar County, Texas, the county in which the State Court Action was filed and is pending. Therefore, venue of this removed action is proper in this Court.

### V.  CONCLUSION

The Court may exercise federal question jurisdiction over this action. Accordingly, this matter is within the Court's original jurisdiction, is removable, and is hereby being removed by Defendant.

DATED: June 18, 2018                Respectfully Submitted,

                                             */s/ Roy B. McKay*
**JEFFREY S. PATTERSON**
State Bar No. 15596700
jpatterson@hdbdlaw.com
**ROY B. MCKAY**
State Bar No. 24071171
rmckay@hdbdlaw.com
**HARTLINE DACUS BARGER DREYER LLP**
8750 North Central Expressway, Suite 1600
Dallas, TX 75231
Telephone (214) 369-2100
Facsimile (214) 369-2118

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

     I hereby certify that on June 18, 2018, this Notice of Removal was electronically served via the Court's CM/ECF system on counsel of record for all parties in accordance with the Federal Rules of Civil Procedure.

                                             */s/ Roy B. McKay*