**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| HOWARD N. ALWAIS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-18-CV-604-XR |
| | § | |
| NEW PENN FINANCIAL, LLC, D/B/A | § | |
| SHELLPOINT MORTGAGE SERVICING, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## ORDER

On this date, the Court considered Defendant's Motion for Summary Judgment (docket no. 18). Plaintiff, proceeding *pro se*, did not respond. After careful consideration, the Court DENIES Defendant's motion.

## BACKGROUND

On June 4, 2018, Plaintiff Howard Alwais filed his state court petition against Defendant New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing in the 150th Judicial District Court of Bexar County, Texas. Docket no. 1-1. Plaintiff brings claims for injunctive relief, sanctions, breach of contract, fraudulent misrepresentations, and unfair lending practices.

Alwais purchased the property at 631 Carolina, San Antonio, Texas 78210 (the "Property") on November 30, 2005. To purchase the Property, Alwais received a loan from Bank of America, which has been transferred several times in the intervening years. Alwais alleges the note and loan servicing associated with the Property were transferred to Resurgent Mortgage Services in 2012 and to Defendant in 2014.

1

Defendant removed to this Court on June 18, 2018, based on diversity jurisdiction. Docket no. 1.  Plaintiff was originally represented by Tamer Morsi in this case, but at a status conference held November 6 the Court became aware that the State Bar had suspended Morsi. Morsi was thus withdrawn, docket no. 10, and in response to a show cause order on this issue Plaintiff elected to proceed *pro* se*,* stating he "wanted to settle this matter by selling the property to go on with my life," docket no. 16.

Defendant notes that, on August 3, 2015, Plaintiff filed a similar petition against Defendant in the 408th Judicial District of Bexar County, Texas. Docket no. 18 at 2.  Defendant removed that case to federal court on August 14, 2015, after which Plaintiff took no action. Thus, on May 7, 2016, Judge Fred Biery dismissed Plaintiff's case with prejudice for failure to prosecute. *See Alwais v. New Penn Financial d/b/a Shellpoint Mortgage Servicing*, No. 5:15-CV-695-FB. Now, Defendant has moved for summary judgment on the sole ground that *res judicata* bars Plaintiff's suit. Docket no. 18. Alwais did not respond.  The Court, nevertheless, evaluates the merits of Defendant's motion for summary judgment.

**DISCUSSION**

**I.      Standard of Review**

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the non-moving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the non-movant's claim or defense. *Lavespere v. Niagra Machine & Tool*

*Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the movant carries its initial burden, the burden shifts to the non-movant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991).

To conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the non-movant, or, in other words, that the evidence favoring the non-movant is insufficient to enable a reasonable jury to return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.4 (1986). In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the non-movant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id.* at 150, and must review all facts in the light most favorable to the non-moving party, *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

## II. Applicable Law

Defendant's sole argument at summary judgment is that Plaintiff's claim is barred by *res judicata.* The doctrine of *res judicata* bars the relitigation of claims already decided by a court with proper jurisdiction in a prior proceeding. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "According to the doctrine of collateral estoppel, or issue preclusion, 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S. Ct. 1189, 1194, (1970)).

For a claim to be barred on *res judicata* grounds, the Fifth Circuit requires that: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). A "transactional test" is used to determine "a prior judgment's preclusive effect" and such preclusion extends "to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.*

Under that test, a prior judgment's preclusive effect extends to all rights the original plaintiff had "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004) (quoting Restatement (Second) of Judgments § 24(1) (1982)). Courts "pragmatically" determine what facts constitute a transaction by considering factors like "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* at 396. "The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007).

## III.    Application

As Defendant notes, Plaintiff has brought a claim to stop the foreclosure of the Property before. The sole question necessary to decide this motion is whether this prior suit bars the suit now before the Court. The first three elements are easily satisfied, as the parties are identical, a competent court in this district entered final judgment in the earlier case, and that final judgment expressly indicated that it was on the merits.

Defendant's motion fails, however, on the final element. Defendant's motion repeats the puzzling assertion that all conduct on which Plaintiff's claims are based predates the May 2016 judgment in the prior case. For example, Defendant states that "the live Petition's factual allegations in this matter all predate the dismissal with prejudice of Plaintiff's prior, substantially identical, claims against Shellpoint." Docket no. 18 at 5. Defendant then contends that whether the same claims are the basis of both cases "is an especially easy determination for the Court since the same facts are pled in both Petitions and Current Action's Petition's factual allegations *cease* well before the dismissal in the Prior Action." *Id.* at 7 (emphasis in original). These assertions are flatly wrong, as even a cursory glance at the petition reveals.

Plaintiff's petitions in both cases list the same causes of action, and much of the factual material pled in this case spells out the allegedly illegal conduct between 2013 and 2015 that was the subject of the first suit. Docket no. 1-1 at 2-8. If the petition in this case contained nothing more, Defendant's motion might succeed. But the petition describes several events that occurred after judgment was entered in the prior case in May 2016. Plaintiff alleges, for example, that Defendant's counsel has ignored pay-off requests since May 2016. *Id.* at 6. Plaintiff further alleges that Defendant failed to appear in a separate state-court proceeding regarding the same property, which resulted in a November 1, 2016 restraining order preventing foreclosure and a $5,000 attorney's fees award; Plaintiff alleges Defendant has not paid. *Id.* Plaintiff alleges that, in violation of this restraining order, Defendant sent a notice of maturity and acceleration on the loan and a notice of substitute trustee's sale on October 20, 2017. *Id.* Finally, Plaintiff alleges that he repeatedly tried to pay off the loan in the months prior to the scheduled June 5, 2018 foreclosure sale. *Id.*

Plaintiff could not have brought any claims related to these acts in the prior suit because they had not happened yet. The *res judicata* doctrine does not bar plaintiffs "from presenting any ground for relief arising out of conduct not complained of in the prior lawsuits." *Kilgoar v. Colbert Cty. Bd. of Ed.*, 578 F.2d 1033, 1035 (5th Cir. 1978). "Subsequent conduct, even if it is of the same nature as the conduct complained of in a prior lawsuit, may give rise to an entirely separate cause of action." *Id.; see also Adumekwe v. Securitas USA Inc.*, 2006 WL 1662932, at *2 (S.D. Tex. June 9, 2006) ("A plaintiff is not barred from bringing a separate suit to remedy conduct that occurred after a prior action."); *Roa v. City of Denison*, 2017 WL 9287012, at *12 (E.D. Tex. Aug. 29, 2017), *report and recommendation adopted*, 2017 WL 4675062 (E.D. Tex. Oct. 18, 2017) ("Because the 2016 Claims could not have been raised in Plaintiff's 2013 State Court Action, res judicata does not bar these claims.").

Defendant's motion might have merit if Plaintiff's causes of actions depended on the facts and transactions now precluded by the prior suit. But that is far from clear on the record at this stage, as the earlier events detailed in Plaintiff's petition might well be merely contextual, to help the Court and Defendant better understand the facts at issue. As evidence of this, after first describing the above conduct that has occurred since 2016, Plaintiff states that Defendant's allegedly illegal practices "go back several years as further described herein below." *Id.* at 7. Plaintiff then proceeds to describe the history of the loan and Plaintiff's interactions with Defendant and Defendant's predecessors in interest.

In any case, Defendant's assertions that all facts in the live pleadings predate the earlier dismiss are wrong, and Defendant advances no other argument on the final *res judicata* element. Thus, summary judgment is inappropriate and the Court DENIES Defendant's motion (docket no. 18).

It is so ORDERED.

SIGNED this 1st day of March, 2019.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE